UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

IN RE:                                         )
                                               ) Case No. 17-80801
OMNI SPECIALIZED, LLC,                         )
                                               ) Chapter 7
   Debtor.                      )
                                               ) Hon. Judge Thomas L. Perkins
                                               )

**MOTION FOR RELIEF FROM AUTOMATIC STAY
TO EFFECT SETOFF AND REQUEST FOR EXPEDITED HEARING**

  Deere & Company ("Deere"), by its attorneys, Lane & Waterman LLP, submits this Motion under 11 U.S.C. §§ 362(d)(1) and 553 of the United States Bankruptcy Code (the "Code") and Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure, for entry of an order granting Deere relief from the automatic stay so that Deere can effect a setoff of amounts Debtor, Omni Specialized, LLC ("Omni"), owes to Deere against amounts Deere owes to Omni for freight and freight brokerage charges. Deere also requests an expedited hearing on its Motion because Deere is at risk for being sued by carriers who have and continue to assert direct claims against Deere for the funds Deere seeks to setoff.

  **I.  JURISDICTION AND VENUE**

  1.  This Court has jurisdiction pursuant to 28 U.S.C. § 1334 and § 157.

  2.  Venue is appropriate in the Central District of Illinois pursuant to 28 U.S.C. § 1408 and § 1409.

  3.  This matter is a core proceeding under 28 U.S.C. § 157(b)(2).

  **II.  PRELIMINARY STATEMENT AND PREDICATES FOR RELIEF**

  4.  Deere owes Omni a debt of approximately $198,345.38 for freight charges. Omni owes Deere approximately $249,965 for unpaid freight brokerage charges due to third-party carriers, $22,737.80 for outstanding claims to be paid to dealers and $11,999.59 for funds paid to

Omni drivers for fuel and delivery of Deere product.

5. Under Illinois common law and pursuant to the parties' agreements as described below, Deere has a valid and enforceable right to offset these debts.

6. The statutory predicates for the relief requested herein are §§ 105, 362 and 553 of the Code, as well as Rules 4001 and 9014 of the Federal Rules of Bankruptcy Procedure.

7. The Court should enter an order granting Deere relief from the automatic stay under § 362(d)(1) to allow Deere to offset the $198,345.38 owed to Omni against the $284,702.39 Omni owes to Deere. Additionally, the Court should waive stay of the order under Rule 4001(a)(3).

### III.     RELEVANT FACTS

8. On May 29, 2017 (the "Petition Date"), Omni filed a petition for relief under Chapter 11 of the Code.

9. On or about June 1, 2016, Omni and Deere entered into a Carrier Freight Agreement (the "Carrier Agreement"), whereby Omni agreed to act as a carrier to transport freight for Deere. (Affidavit of Greg A. Kern, ¶ 4). Omni transported freight for Deere under the Carrier Agreement and submitted various invoices to Deere for payment of the fright charges. (Affidavit of Greg A. Kern, ¶ 5). A true and correct list identifying these invoices and amounts due thereunder is attached hereto as Exhibit A. (Affidavit of Greg A. Kern, ¶ 6). Although many of the invoices were submitted to Deere after the Petition Date, all shipments were completed prior to the Petition Date. (Affidavit of Greg A. Kern, ¶ 7). The total amount due and owing to Omni under the Carrier Agreement is $198,345.38. (Affidavit of Greg A. Kern, ¶ 8).

10. Under Section 10.1 of the Carrier Agreement, Omni agreed to assume liability "[f]or loss, damage, injury or delay of any shipment hereunder while in the custody, possession or control of" Omni. (Affidavit of Greg A. Kern, ¶ 9). Deere has received claims from five (5) of its

2

dealers for damage to products shipped by Omni. (Affidavit of Greg A. Kern, ¶ 9). The total amount of these claims is $22,737.80. (Affidavit of Greg A. Kern, ¶ 9). Deere is in the process of paying these claims. (Affidavit of Greg A. Kern, ¶ 9).

11. Deere also paid $11,999.59 in fuel and other costs mid-shipment to Omni drivers when Omni failed to pay to ensure that the Deere freight was delivered to its dealers under the Carrier Agreement. (Affidavit of Greg A. Kern, ¶ 10).

12. Under Section 18 of the Carrier Agreement, Omni further agreed to indemnify Deere as follows:

> Carrier agrees to defend, indemnify and hold Deere and its Affiliates and all of their employees, directors, officers, personnel, and their successors and assigns harmless from and against any and all expenses, damages, claims, actions, demands, losses, liabilities, fines, penalties and causes of action, attorneys' fees, expert witness fees, and other professional fees caused by or arising out of or alleged to have been caused by or arising out of Carrier's breach of this Agreement or any representation or warranty of Carrier hereunder ….

13. On or about September 14, 2016, Omni and Deere entered into a Ground Transportation Brokerage Agreement (the "Brokerage Agreement"), whereby Omni agreed to broker transportation of Deere freight with third party carriers. (Affidavit of Greg A. Kern, ¶ 11).

14. Under Section 7.11 of the Brokerage Agreement, Omni agreed to pay the third party carriers for all freight transportation services performed by such carriers:

> Broker shall pay Motor Carriers and/or Transportation Providers for all properly documented invoices submitted by Motor Carriers and/or Transportation Providers who transport Goods under Broker's management. Broker will be solely responsible for payment of Motor Carrier's and/or Transportation Provider's invoices.

15. As of the Petition Date, Omni failed to pay approximately 65 carriers for transporting Deere freight. (Affidavit of Greg A. Kern, ¶ 12). Attached hereto as <u>Exhibit B</u> is a true and correct list of the unpaid carriers and invoices. (Affidavit of Greg A. Kern, ¶ 13). The

3

total amount of unpaid claims is $249,965.[1] (Affidavit of Greg A. Kern, ¶ 13).

16. Under Section 9.2 of the Brokerage Agreement, Omni agreed to indemnify Deere for any claims made by third party carriers against Deere:

> For all transportation arranged by Broker, Broker agrees to indemnify, defend and hold harmless Deere, its consignors and/or consignees from claims made by a Motor Carrier and/or Transportation Provider for any freight charges, surcharges, accessorial charges, fuel reimbursement and fuel surcharges, provided Deere, consignors and consignees have paid Broker in full for such shipment, in accordance with Exhibits D, E, F and G, as applicable.

17. Several unpaid carriers have hired counsel and have submitted direct claims against Deere for the unpaid freight charges. (Affidavit of Greg A. Kern, ¶ 15).

18. Under Section 19.1 of the Brokerage Agreement, Omni agreed to further indemnify Deere as follows:

> Broker agrees to defend, indemnify and hold Deere and its Affiliates and all of their employees, directors, officers, personnel, and their successors and assigns harmless from and against any and all expenses, damages, claims, actions, demands, losses, liabilities, fines, penalties and causes of action, attorneys' fees, expert witness fees, and other professional fees caused by or arising out of or alleged to have been caused by or arising out of Broker's breach of this Agreement or any representation or warranty of Broker hereunder ….

## IV. ARGUMENT

19. In order to exercise a right to setoff after a debtor has filed for bankruptcy, a creditor must seek relief from the automatic stay under § 362(d) of the Code. Section 362(d)(1) entitles Deere to relief because Deere's right to setoff constitutes "cause" under § 362(d)(1). Section 11 U.S.C. § 362(d)(1) provides that, "On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … (1) for cause, including the lack of adequate protection of an interest in property of such party in interest." 11 U.S.C. § 362(d)(1). A creditor may establish a prima facie showing of "cause" for relief under 11 U.S.C. § 362(d)(1) by establishing a valid

---

[1] The list of unpaid carriers and the amount due was provided to Deere by Omni. (Affidavit of Gregory Kern, ¶ 13).

4

right to setoff.

      **A.**      **DEERE HAS A COMMON LAW AND CONTRACTUAL RIGHT OF SETOFF.**

20. The Code does not expand or constrict the common law right of setoff, but preserves it wherever that right exists outside of the bankruptcy context. *U.S. v. Maxwell*, 157 F.3d 1099, 1102 (7th Cir. 1998). Illinois has long upheld the right to setoff by common law and statute. *See, e.g.*, *In re Clark Retail Enterprises, Inc.*, 308 B.R. 869, 896 (N.D. Ill. 2004) (citing, among other cases, *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003) (noting Illinois' recognition of a common law right of setoff) and 735 ILCS 5/2-608(a) (allowing a counterclaim based on setoff)).

21. In addition to a common law and statutory right to setoff, both the Carrier Agreement and the Brokerage Agreement allow for setoff. Under Section 14 of the Carrier Agreement if "either party commits a material breach of any provision of this Agreement … the other party is … entitled to avail itself of any and all legal and equitable remedies prescribed by law in connection with such breach." Further, Section 19 of the Carrier Agreement provides that "[s]hould either party file for bankruptcy, either in reorganization or liquidation … or generally fails to pay its debts as they come due … the other party shall have the immediate option to … pursue any and all rights and remedies otherwise available at law or in equity."

22. Similarly, Article 18 of the Brokerage Agreement provides that if "either party commits a material breach of any provision of this Agreement … the other party is … entitled to avail itself of any and all legal and equitable remedies prescribed by law in connection with such breach." Article 21 further provides that "[s]hould either party file for bankruptcy, either in reorganization or liquidation … or generally fails to pay its debts as they come due … the other party shall have the immediate option to … pursue any and all rights and remedies otherwise

5

available at law or in equity." Thus, both Illinois law and the Carrier and Brokerage Agreements preserve Deere's right to effect a setoff.

23.     11 U.S.C. § 553 provides that Title 11 "does not affect any right of a creditor to offset a mutual debt owing by such creditor to the debtor that arose before the commencement of the case …." 11 U.S.C. § 553(a). Thus, § 553(a) allows a creditor to offset certain debts in a bankruptcy proceeding provided that such debts are "mutual" and arose prior to the filing of the bankruptcy petition. *In re Prochnow*, 474 B.R. 607, 617 (Bankr. C.D. Ill. 2011). "Mutuality is satisfied when the offsetting obligations are held by the same parties in the same capacity (that is, as obligor and obligee) and are valid and enforceable, and (if the issue arises in bankruptcy) both offsetting obligations arise either prepetition or postpetition, even if they arose at different times out of different transactions." *In re Doctors Hosp. of Hyde Park, Inc.*, 337 F.3d 951, 955 (7th Cir. 2003). "The right of set-off may be asserted in the bankruptcy proceedings even though at the time the petition is filed one of the debts involved is absolutely owing but not presently due, or where a definite liability has accrued but is as yet unliquidated."

24.     Under the Code, "debt" is defined as "a liability on a claim." 11 U.S.C § 101(12). "Claim" is defined as a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured …." 11 U.S.C. § 101(5)(A). The term "debt" is coextensive with the term "claim." *Pennsylvania Dep't of Public Welfare v. Davenport*, 495 U.S. 552, 558 (1990). "A debt may exist even though it has not been valued conclusively and even though there is a bona fide dispute about the obligation to pay." *Stamp v. Insurance Co. of North America*, 908 F.2d 1375, 1380 (7th Cir. 1990).

25.     Here, there are two contracts under which the relevant debts arise − the Carrier

6

Agreement and the Brokerage Agreement.[2] As explained in further detail below, the $198,345.38 Deere owes to Omni arises under the Carrier Agreement. (Affidavit of Greg A. Kern, ¶ 8). The $283,117.39 Omni owes to Deere arises under the Brokerage Agreement and the Carrier Agreement. (Affidavit of Greg A. Kern, ¶¶, 8, 9, 10 and 13). Deere has a right to offset these debts because they are mutual and arose prior to the Petition Date.

### B. OMNI'S CLAIM AGAINST DEERE IS MUTUAL AND AROSE PRIOR TO THE PETITION DATE.

26. Omni's claim against Deere for $198,345.38 arises under the Carrier Agreement. Omni routinely provided carrier services to Deere under the Carrier Agreement and invoiced Deere accordingly, which were promptly paid. (Affidavit of Greg A. Kern, ¶ 5). However, when Deere received notice that Omni was no longer paying its carriers under the Brokerage Agreement and had filed for bankruptcy, Deere withheld payment of outstanding amounts invoiced to Deere by Omni. (Affidavit of Greg A. Kern, ¶ 16). Although the outstanding invoices were sent to Deere after the Petition Date, Deere's obligation to pay for these shipments and Omni's claim for payment arose when the shipments were completed, which occurred prior to the Petition Date. (Affidavit of Greg A. Kern, ¶ 7). The total amount of outstanding invoices Omni claims Deere owes is $198,345.38. (Affidavit of Greg A. Kern, ¶ 8). But for Omni's breach of the Carrier and Brokerage Agreements, Deere agrees that this amount would otherwise be due and payable to Omni.

### C. DEERE'S CLAIM AGAINST OMNI IS MUTUAL AND AROSE PRIOR TO THE PETITION DATE.

27. Deere's claim against Omni for $283,117.39 arises under both the Carrier

---

[2] This does not prohibit setoff because Illinois law permits setoff even where two contracts are extraneous and not entered into simultaneously. *See Marc Development, Inc. v. Wolin*, 1996 WL 327782, *2 (N.D. Ill., June 11, 1996). "Mutuality is satisfied when the offsetting obligations are held by the same parties in the same capacity …." *Hyde Park*, 337 F.3d at 955.

7

Agreement and the Brokerage Agreement. (Affidavit of Greg A. Kern, ¶¶, 9, 10 and 13). Under the Carrier Agreement, Omni agreed to assume the liability for all loss, damage, injury or delay of any shipment while in its custody, possession or control. (Affidavit of Greg A. Kern, ¶ 9). Deere has received claims from five (5) of its dealers for damage to products shipped by Omni totaling $22,737.80. (Affidavit of Greg A. Kern, ¶ 9). These claims were submitted to Deere after Omni refused to pay them. (Affidavit of Greg A. Kern, ¶ 9). Under the Carrier Agreement, Omni agreed to indemnify Deere for these claims and is liable to Deere in the amount of $22,737.80. (Affidavit of Greg A. Kern, ¶ 9). Further, Deere had to pay Omni drivers $10,414.59 in fuel and other costs mid-shipment after Omni left its drivers stranded to ensure that the Deere freight was delivered to its dealers. (Affidavit of Greg A. Kern, ¶ 10). Omni is also required to indemnify Deere for these costs. (Affidavit of Greg A. Kern, ¶ 10).

28.    The majority of Deere's claim against Omni for $249,965 arises under the Brokerage Agreement. Under the Brokerage Agreement, Omni brokered multiple shipments of Deere freight with third-party carriers. (Affidavit of Greg A. Kern, ¶ 11). Prior to the Petition Date, Deere became aware that Omni was not paying many of the carriers that delivered the Deere freight, even though Deere had paid Omni for the shipments. (Affidavit of Greg A. Kern, ¶ 12). As of the Petition Date, Omni had left unpaid 129 invoices from 65 carriers who transported Deere freight totaling approximately $249,965. (Affidavit of Greg A. Kern, ¶ 12 and 13). Several of these carriers have already hired counsel and have submitted claims directly against Deere for these unpaid freight charges. (Affidavit of Greg A. Kern, ¶ 15). Deere is attempting to settle these claims. (Affidavit of Greg A. Kern, ¶ 15). As discussed below, Deere is directly liable to the carriers for these unpaid freight charges, and Omni agreed to indemnify Deere for these charges under the Brokerage Agreement.

29. The basis for Deere's liability to the carriers is the bills of lading. Each of the unpaid shipments utilized a "Straight Bill of Lading" which was intended to conform to industry standard and was marked "prepaid." (Affidavit of Greg A. Kern, ¶ 17). Thus, Deere remains primarily liable to the carriers for the unpaid freight charges. (Affidavit of Greg A. Kern, ¶ 17).

30. The majority position on this issue is set forth in *Oak Harbor Freight Lines, Inc. v. Sears Roebuck & Co.*, 513 F.3d 949 (9th Cir. 2008) ("[A] bill of lading is the basic transportation contract between the shipper/consignor and the carrier, the terms and conditions of which bind the shipper and all connecting carriers.") (citing *Southern Pacific Transportation Co. v. Commercial Metals Co.*, 456 U.S. 336, 342 (1982); *see also Kawasaki Kisen Kaisha, Ltd. v. Plano Molding Co.*, 696 F.3d 647, 652 (7th Cir. 2012)). When a bill of lading is meant to conform to industry standard, by default the consignor remains primarily liable to the carrier. *Oak Harbor*, 513 F.3d at 954. As the Ninth Circuit explained, "The bill of lading provides that the owner or consignor shall pay the freight and all other lawful charges upon the transported property and that the consignor remains primarily liable to the carrier for all lawful charges." *Id.* "A bill of lading marked 'prepaid' signifies that the charges for transportation service rendered at the request of a consignor (shipper) will be paid by the consignor." *In re GMJ Global Logistics, Inc.*, 498 B.R. 290 (D. Kan. 2013).

31. A consignor/shipper may only escape liability to a carrier where the carrier explicitly agrees by contract to waive its right to payment from the consignor/shipper and thereby release the consignor/shipper from liability. *Oak Harbor*, 513 F.3d at 956. To hold otherwise would "permit a shipper to insulate itself from liability for the payment of freight charges by the simple act of using a broker." *Id.* at 957.

32. The facts of this case are nearly identical to *Global Logistics*, which further explains the law applicable to, and allowed the type of setoff Deere seeks in, this case.

9

33. Because Deere is directly liable to the carriers for the unpaid freight charges, Deere should be allowed to setoff the $198,345.38 it owes to Omni with the $283,117.39 and use the money to pay the carriers. Additionally, under both the Carrier Agreement and Brokerage Agreement, Deere is entitled to attorneys' fees and costs resulting from Omni's breach of those agreements, and Deere is entitled to setoff those as well.

34. If Deere is not allowed a right to setoff, then Deere stands to pay twice for the same shipments. (Affidavit of Greg A. Kern, ¶ 18). Even with the setoff, Deere stands to lose approximately $84,772.01. (Affidavit of Greg A. Kern, ¶ 19). Even worse, if the carriers are not paid in full, they may proceed against the consignees, all of which are Deere dealers and customers, for the balance of the unpaid freight charges. (Affidavit of Greg A. Kern, ¶ 20).

35. Based on the foregoing, Deere has established it has the right under § 553 of the Code to setoff the $198,345.38 it owes to Omni, and relief from the automatic stay under § 362(d) is appropriate.

36. The Affidavit of Greg A. Kern in support of this Motion is filed concurrently herewith.

WHEREFORE, Deere respectfully requests that the Court enter an order granting Deere relief from the automatic stay under § 362(d) to allow Deere to setoff and apply the $198,345.38 owed to Omni against the $284,702.39, including Deere's attorneys' fees and costs; waive stay of the order under Rule 4001(a)(3); order that after applying Deere's right to setoff any amounts that Omni owes Deere be considered a general unsecured claim against Omni; grant Deere's request for an expedited hearing; and grant Deere any other and further relief as the Court deems just and appropriate.

Respectfully submitted,


By: /s/ Brett R. Marshall
    Brett R. Marshall
    LANE & WATERMAN LLP
    220 North Main St., Suite 600
    Davenport, IA  52801
    Telephone: 563-324-3246
    Fax: 563-324-1616
    Email: bmarshall@l-wlaw.com

ATTORNEYS FOR DEERE & COMPANY


**CERTIFICATE OF SERVICE**

On this 11th day of September, 2017, the document to which this Certificate is attached was served upon all parties receiving electronic notice via the Bankruptcy Court's electronic noticing system.

On this 11th day of September, 2017, the document to which this Certificate is attached was mailed, first class, postage pre-paid, as follows: Omni Specialized, LLC, 20812 E. 550th Street, Colona, IL 61241.


/s/ Brett R. Marshall
Brett R. Marshall

EXHIBIT A

Omni Payables

| PSL Load | Amount | Invoice Date |
|---|---|---|
| 23171464 | 2,801.61 | 6/14/2017 |
| 23171505 | 2,008.82 | 6/14/2017 |
| 23171731 | 541.54 | 6/14/2017 |
| 23172562 | 803.42 | 6/14/2017 |
| 23173071 | 613.70 | 6/14/2017 |
| 23173783 | 847.17 | 6/14/2017 |
| 23174014 | 778.52 | 6/14/2017 |
| 23174015 | 778.52 | 6/14/2017 |
| 23174016 | 778.52 | 6/14/2017 |
| 23174636 | 718.12 | 6/14/2017 |
| 24171009 | 347.67 | 6/14/2017 |
| 24171124 | 878.70 | 6/14/2017 |
| 24171237 | 3,447.70 | 6/14/2017 |
| 24171313 | 1,063.08 | 6/14/2017 |
| 24171857 | 1,687.28 | 6/14/2017 |
| 24171899 | 883.38 | 6/14/2017 |
| 24172101 | 2,504.31 | 6/14/2017 |
| 24172262 | 1,173.91 | 6/14/2017 |
| 24172629 | 621.46 | 6/14/2017 |
| 24172956 | 698.72 | 6/14/2017 |
| 24172967 | 541.46 | 6/14/2017 |
| 24173040 | 869.44 | 6/14/2017 |
| 24173112 | 686.15 | 6/14/2017 |
| 24173536 | 619.40 | 6/14/2017 |
| 24173918 | 684.80 | 6/14/2017 |
| 22172834 | 5,035.84 | 6/14/2017 |
| 24171487 | 1,188.26 | 6/14/2017 |
| 2371114 | 950.00 | 6/14/2017 |
| 09171733 | 715.44 | 6/7/2017 |
| 21171295 | 1,396.93 | 6/7/2017 |
| 21172621 | 1,726.10 | 6/7/2017 |
| 21174104 | 1,495.85 | 6/7/2017 |
| 22171348 | 985.00 | 6/7/2017 |
| 22171972 | 809.98 | 6/7/2017 |
| 22172362 | 546.58 | 6/7/2017 |
| 22172976 | 2,422.36 | 6/7/2017 |
| 22173297 | 1,198.58 | 6/7/2017 |
| 22173720 | 987.02 | 6/7/2017 |
| 22174039 | 2,203.07 | 6/7/2017 |

| | | |
|---|---|---|
| 22174210 | 876.79 | 6/7/2017 |
| 22174296 | 875.86 | 6/7/2017 |
| 22174347 | 1,336.77 | 6/7/2017 |
| 22174508 | 783.20 | 6/7/2017 |
| 22174776 | 782.54 | 6/7/2017 |
| 22174879 | 2,124.64 | 6/7/2017 |
| 22174897 | 3,548.64 | 6/7/2017 |
| 22174901 | 787.23 | 6/7/2017 |
| 22174976 | 1,750.17 | 6/7/2017 |
| 22174977 | 1,751.76 | 6/7/2017 |
| 22175233 | 1,281.20 | 6/7/2017 |
| 22175237 | 804.15 | 6/7/2017 |
| 2271094 | 3,200.00 | 6/7/2017 |
| 2271322 | 1,049.00 | 6/7/2017 |
| 23171173 | 986.03 | 6/7/2017 |
| 23171337 | 625.82 | 6/7/2017 |
| 23171371 | 1,846.75 | 6/7/2017 |
| 23171634 | 805.35 | 6/7/2017 |
| 23171726 | 545.82 | 6/7/2017 |
| 23171727 | 544.44 | 6/7/2017 |
| 23171728 | 543.76 | 6/7/2017 |
| 23171729 | 543.19 | 6/7/2017 |
| 23171790 | 1,054.75 | 6/7/2017 |
| 23171791 | 1,220.84 | 6/7/2017 |
| 23172117 | 1,748.57 | 6/7/2017 |
| 23172128 | 688.88 | 6/7/2017 |
| 23172343 | 624.44 | 6/7/2017 |
| 23172388 | 3,367.85 | 6/7/2017 |
| 23172408 | 1,118.30 | 6/7/2017 |
| 23172774 | 781.25 | 6/7/2017 |
| 23172914 | 926.89 | 6/7/2017 |
| 23172998 | 780.03 | 6/7/2017 |
| 23173030 | 1,416.18 | 6/7/2017 |
| 23173280 | 687.99 | 6/7/2017 |
| 23173414 | 1,281.57 | 6/7/2017 |
| 23173603 | 1,133.88 | 6/7/2017 |
| 23173789 | 1,115.84 | 6/7/2017 |
| 23173809 | 623.76 | 6/7/2017 |
| 23174120 | 2,340.98 | 6/7/2017 |
| 23174244 | 367.25 | 6/7/2017 |
| 23174508 | 348.24 | 6/7/2017 |
| 23174524 | 783.26 | 6/7/2017 |
| 23174527 | 687.41 | 6/7/2017 |

| | | |
|---|---|---|
| 23174542 | 1,631.16 | 6/7/2017 |
| 23174691 | 623.19 | 6/7/2017 |
| 23174775 | 1,175.85 | 6/7/2017 |
| 23174808 | 348.24 | 6/7/2017 |
| 23174890 | 2,771.06 | 6/7/2017 |
| 23175179 | 909.15 | 6/7/2017 |
| 23175414 | 686.73 | 6/7/2017 |
| 2371046 | 1,380.00 | 6/7/2017 |
| 2371150 | 4,275.00 | 6/7/2017 |
| 2371151 | 5,350.00 | 6/7/2017 |
| 24171057 | 287.25 | 6/7/2017 |
| 24171060 | 287.25 | 6/7/2017 |
| 24171870 | 685.96 | 6/7/2017 |
| 24172315 | 802.00 | 6/7/2017 |
| 24171479 | 359.17 | 6/7/2017 |
| 24171484 | 356.98 | 6/7/2017 |
| 24171501 | 359.08 | 6/7/2017 |
| 24171526 | 356.95 | 6/7/2017 |
| 24174745 | 356.89 | 6/7/2017 |
| 24174739 | 358.87 | 6/7/2017 |
| 24174107 | 401.39 | 6/7/2017 |
| 24171531 | 359.02 | 6/7/2017 |
| 24171536 | 356.94 | 6/7/2017 |
| 24172328 | 358.95 | 6/7/2017 |
| 24172336 | 356.92 | 6/7/2017 |
| 24173646 | 628.62 | 6/7/2017 |
| 24174091 | 358.86 | 6/7/2017 |
| 2371172 | 414.55 | 6/7/2017 |
| 2371004 | 1,935.00 | 6/7/2017 |
| 23171223 | 1,067.97 | 6/7/2017 |
| 19172403 | 1,147.94 | 5/31/2017 |
| 21171984 | 548.11 | 5/31/2017 |
| 21172444 | 812.42 | 5/31/2017 |
| 21172677 | 754.65 | 5/31/2017 |
| 21172889 | 735.49 | 5/31/2017 |
| 21174053 | 741.36 | 5/31/2017 |
| 21174123 | 878.81 | 5/31/2017 |
| 21174129 | 2,088.18 | 5/31/2017 |
| 21174158 | 1,093.19 | 5/31/2017 |
| 21174594 | 1,679.60 | 5/31/2017 |
| 21174618 | 1,575.91 | 5/31/2017 |
| 21174693 | 878.97 | 5/31/2017 |
| 2171318 | 1,950.00 | 5/31/2017 |

3

| | | |
|---|---|---|
| 2171325 | 1,160.00 | 5/31/2017 |
| 22171329 | 894.69 | 5/31/2017 |
| 22171365 | 1,166.07 | 5/31/2017 |
| 22171458 | 1,115.54 | 5/31/2017 |
| 22171595 | 937.94 | 5/31/2017 |
| 22171673 | 1,040.78 | 5/31/2017 |
| 22171696 | 930.62 | 5/31/2017 |
| 22171861 | 831.07 | 5/31/2017 |
| 22171878 | 866.23 | 5/31/2017 |
| 22171918 | 776.32 | 5/31/2017 |
| 22172053 | 628.07 | 5/31/2017 |
| 22172211 | 880.58 | 5/31/2017 |
| 22172357 | 548.07 | 5/31/2017 |
| 22172358 | 548.11 | 5/31/2017 |
| 22172360 | 546.22 | 5/31/2017 |
| 22172445 | 350.93 | 5/31/2017 |
| 22172475 | 1,075.33 | 5/31/2017 |
| 22172540 | 690.60 | 5/31/2017 |
| 22172551 | 757.09 | 5/31/2017 |
| 22172574 | 756.95 | 5/31/2017 |
| 22172614 | 1,087.14 | 5/31/2017 |
| 22172810 | 3,938.29 | 5/31/2017 |
| 22172856 | 706.57 | 5/31/2017 |
| 22172979 | 628.11 | 5/31/2017 |
| 22172980 | 687.69 | 5/31/2017 |
| 22172982 | 858.38 | 5/31/2017 |
| 22173237 | 1,495.79 | 5/31/2017 |
| 22173252 | 794.08 | 5/31/2017 |
| 22173419 | 690.60 | 5/31/2017 |
| 22173852 | 626.22 | 5/31/2017 |
| 22174338 | 689.12 | 5/31/2017 |
| 22174859 | 626.58 | 5/31/2017 |
| 22175199 | 689.33 | 5/31/2017 |
| 2271117 | 1,500.00 | 5/31/2017 |
| 23174009 | 359.20 | 5/31/2017 |
| 23174049 | 359.22 | 5/31/2017 |
| 23174082 | 356.99 | 5/31/2017 |
| 21173313 | 1,041.88 | 5/31/2017 |
| 2171263 | 3,302.00 | 5/31/2017 |
| 2171365 | 4,400.00 | 5/31/2017 |
| 21173644 | 7,203.91 | 6/21/2017 |
| 24172188 | 2,714.76 | 6/21/2017 |
| 2371063 | 3,075.00 | 6/21/2017 |

4

|  |  |  |
|---|---|---|
| **TOTAL** | **198,345.38** |  |

EXHIBIT B

Carrier Payables

| Voucher Number | Vendor ID | Document Type | Document Date | Document Number | Document Amount |
|---|---|---|---|---|---|
| 00000000000004082 | AUCBON | 1 | 1/6/2017 | 711481 | 1,300.00000 |
| 00000000000004090 | CREORA | 1 | 1/13/2017 | 711548 | 700.00000 |
| 00000000000004095 | DODWYO | 1 | 1/6/2017 | 711739 | 1,350.00000 |
| 00000000000004096 | DODWYO | 1 | 1/13/2017 | 712051 | 750.00000 |
| 00000000000004102 | HIMYAT | 1 | 1/5/2017 | 711488 | 2,300.00000 |
| 00000000000004104 | HIMYAT | 1 | 1/5/2017 | 711549 | 700.00000 |
| 00000000000004123 | MADREX | 1 | 1/6/2017 | 711480 | 1,200.00000 |
| 00000000000004170 | BOLMAC | 1 | 1/17/2016 | 711980 | 750.00000 |
| 00000000000004171 | BTRGAR | 1 | 1/15/2017 | 711303 | 4,000.00000 |
| 00000000000004266 | BARDUB | 1 | 1/23/2017 | 712266 | 2,600.00000 |
| 00000000000004267 | BDTFRA | 1 | 1/19/2017 | 712458 | 2,400.00000 |
| 00000000000004283 | ELLLAW01 | 1 | 1/24/2017 | 712219 | 875.00000 |
| 00000000000004290 | HOFLAM | 1 | 1/18/2017 | 711938 | 750.00000 |
| 00000000000004309 | STRREY | 1 | 1/19/2017 | 712267 | 450.00000 |
| 00000000000004310 | TAIOST | 1 | 1/20/2017 | 712258 | 1,350.00000 |
| 00000000000004316 | DMTWEY | 1 | 1/25/2017 | 712460 | 975.00000 |
| 00000000000004317 | VANCOM | 1 | 1/26/2017 | 712281 | 1,100.00000 |
| 00000000000004588 | ARGDES | 1 | 1/28/2017 | 712449 | 2,150.00000 |
| 00000000000004589 | ARGDES | 1 | 1/28/2017 | 711714 | 10,000.00000 |
| 00000000000004590 | ARGDES | 1 | 1/28/2017 | 712155 | 2,000.00000 |
| 00000000000004591 | ARGDES | 1 | 1/28/2017 | 712154 | 6,800.00000 |
| 00000000000004592 | ARGDES | 1 | 1/28/2017 | 712522 | 4,750.00000 |
| 00000000000004593 | BARDUB | 1 | 1/31/2017 | 713015 | 1,500.00000 |
| 00000000000004594 | BRAKIL | 1 | 1/27/2017 | 713009 | 750.00000 |
| 00000000000004596 | CDHBEM | 1 | 1/27/2017 | 712245 | 1,800.00000 |
| 00000000000004602 | HOFLAM | 1 | 1/30/2017 | 712851 | 1,125.00000 |
| 00000000000004607 | KMTCON | 1 | 1/30/2017 | 712159 | 1,050.00000 |
| 00000000000004608 | KRUWAT | 1 | 1/28/2017 | 712769 | 700.00000 |
| 00000000000004613 | ROSDUR | 1 | 1/27/2017 | 712253 | 1,150.00000 |
| 00000000000004614 | ROSDUR | 1 | 1/27/2017 | 712467 | 1,475.00000 |
| 00000000000004619 | YARHAC | 1 | 1/31/2017 | 713063 | 750.00000 |
| 00000000000004627 | JERWEY | 1 | 2/6/2017 | 713332 | 1,550.00000 |

| | | | | | |
|---|---|---|---|---|---|
| 00000000000004636 | PACCHA | 1 | 2/3/2017 | 713093 | 800.00000 |
| 00000000000004639 | SEAWIN | 1 | 2/6/2017 | 712990 | 3,100.00000 |
| 00000000000004643 | STRREY | 1 | 2/2/2017 | 712954 | 800.00000 |
| 00000000000004644 | STRREY | 1 | 2/2/2017 | 712856 | 1,250.00000 |
| 00000000000004645 | STRREY | 1 | 2/2/2017 | 712476 | 750.00000 |
| 00000000000004649 | VHTCOL | 1 | 2/3/2017 | 713135 | 1,200.00000 |
| 00000000000004652 | WTGMED | 1 | 2/7/2017 | 713325 | 775.00000 |
| 00000000000004726 | ARGDES | 1 | 2/10/2017 | 713251 | 8,000.00000 |
| 00000000000004727 | ARGDES | 1 | 2/15/2017 | 713711 | 6,000.00000 |
| 00000000000004728 | ARGDES | 1 | 2/15/2017 | 713275 | 4,400.00000 |
| 00000000000004729 | ARGDES | 1 | 2/15/2017 | 713695 | 1,750.00000 |
| 00000000000004730 | ARGDES | 1 | 2/15/2017 | 713460 | 2,500.00000 |
| 00000000000004731 | ARGDES | 1 | 2/15/2017 | 713344 | 1,000.00000 |
| 00000000000004732 | ARGDES | 1 | 2/15/2017 | 713395 | 10,500.00000 |
| 00000000000004733 | ARGDES | 1 | 2/10/2017 | 713169 | 1,000.00000 |
| 00000000000004734 | BILBEL | 1 | 2/11/2017 | 713225 | 1,025.00000 |
| 00000000000004735 | CDHBEM | 1 | 2/6/2017 | 712317 | 925.00000 |
| 00000000000004737 | CREORA | 1 | 2/13/2017 | 712312 | 550.00000 |
| 00000000000004740 | CURMUS | 1 | 2/13/2017 | 713500 | 5,200.00000 |
| 00000000000004742 | DMWBRO | 1 | 2/13/2017 | 713768 | 750.00000 |
| 00000000000004743 | DMWBRO | 1 | 2/10/2017 | 713728 | 1,200.00000 |
| 00000000000004744 | HOFLAM | 1 | 2/4/2017 | 712838 | 750.00000 |
| 00000000000004745 | KLLOVE | 1 | 2/14/2017 | 713610 | 4,600.00000 |
| 00000000000004752 | ROSDUR | 1 | 2/3/2017 | 713112 | 900.00000 |
| 00000000000004754 | SEAWIN | 1 | 2/10/2017 | 713098 | 2,500.00000 |
| 00000000000004756 | STRREY | 1 | 2/9/2017 | 713174 | 850.00000 |
| 00000000000004757 | STRREY | 1 | 2/9/2017 | 713190 | 800.00000 |
| 00000000000004759 | WISCAR | 1 | 2/7/2017 | 713274 | 3,650.00000 |
| 00000000000004761 | WISCAR | 1 | 2/13/2017 | 713240 | 2,300.00000 |
| 00000000000004762 | WISCAR | 1 | 2/13/2017 | 713238 | 2,300.00000 |
| 00000000000004997 | ANDRED | 1 | 2/21/2017 | 713519 | 500.00000 |
| 00000000000005000 | BARERI | 1 | 2/20/2017 | 713568 | 1,200.00000 |
| 00000000000005001 | CGTWAY | 1 | 2/21/2017 | 713624 | 800.00000 |
| 00000000000005003 | CURMUS | 1 | 2/28/2017 | 714529 | 5,100.00000 |
| 00000000000005004 | CURMUS | 1 | 2/23/2017 | 714277 | 700.00000 |
| 00000000000005005 | CURMUS | 1 | 2/20/2017 | 714172 | 725.00000 |

| | | | | | |
|---|---|---|---|---|---|
| 00000000000005007 | CURMUS | 1 | 2/28/2017 | 714493 | 825.00000 |
| 00000000000005012 | FITPHI | 1 | 2/28/2017 | 714530 | 1,200.00000 |
| 00000000000005014 | GARMAC | 1 | 2/16/2017 | 713971 | 850.00000 |
| 00000000000005016 | GOOALE | 1 | 2/21/2017 | 713957 | 700.00000 |
| 00000000000005021 | HIMYAT | 1 | 2/20/2017 | 713872 | 700.00000 |
| 00000000000005022 | HOFLAM | 1 | 2/20/2017 | 714145 | 1,450.00000 |
| 00000000000005023 | HOFLAM | 1 | 3/1/2017 | 714369 | 1,100.00000 |
| 00000000000005024 | HOFLAM | 1 | 3/1/2017 | 714127 | 700.00000 |
| 00000000000005026 | IHLHUX | 1 | 2/15/2017 | 713776 | 8,465.00000 |
| 00000000000005031 | JAYHUR | 1 | 2/23/2017 | 712920 | 1,900.00000 |
| 00000000000005033 | JONDYE | 1 | 2/20/2017 | 714028 | 850.00000 |
| 00000000000005035 | JONRAI | 1 | 2/21/2017 | 713596 | 6,300.00000 |
| 00000000000005041 | PAYWIN | 1 | 2/23/2017 | 713819 | 8,350.00000 |
| 00000000000005045 | RICETH | 1 | 2/27/2017 | 714221 | 5,200.00000 |
| 00000000000005046 | RICETH | 1 | 2/24/2017 | 713573 | 1,400.00000 |
| 00000000000005048 | STRREY | 1 | 2/16/2017 | 713561 | 575.00000 |
| 00000000000005049 | STRREY | 1 | 2/16/2017 | 713780 | 550.00000 |
| 00000000000005050 | STRREY | 1 | 2/16/2017 | 713581 | 800.00000 |
| 00000000000005054 | WESTOU | 1 | 2/15/2017 | 713720 | 1,625.00000 |
| 00000000000005056 | WOLCHE | 1 | 2/23/2017 | 714179 | 1,500.00000 |
| 00000000000005057 | WSFNEO | 1 | 2/27/2017 | 714103 | 775.00000 |
| 00000000000005058 | WSFNEO | 1 | 2/16/2017 | 713318 | 775.00000 |
| 0000000000005287 | BAANOR | 1 | 3/1/2017 | 714109 | 900.00000 |
| 0000000000005288 | CARCOA | 1 | 3/3/2017 | 714670 | 1,150.00000 |
| 0000000000005289 | CDHBEM | 1 | 2/27/2017 | 714366 | 1,200.00000 |
| 0000000000005291 | CMTHAT | 1 | 3/6/2017 | 714091 | 1,725.00000 |
| 0000000000005292 | CURMUS | 1 | 3/2/2017 | 714635 | 850.00000 |
| 0000000000005293 | DURCAM | 1 | 3/9/2017 | 715230 | 925.00000 |
| 0000000000005295 | GOOALE | 1 | 3/7/2017 | 714902 | 800.00000 |
| 0000000000005296 | HAPDOV | 1 | 3/7/2017 | 714996 | 1,050.00000 |
| 0000000000005297 | HOFLAM | 1 | 3/5/2017 | 714661 | 1,025.00000 |
| 0000000000005298 | HOFLAM | 1 | 3/5/2017 | 715066 | 1,150.00000 |
| 0000000000005299 | JAYHUR | 1 | 3/2/2017 | 714029 | 3,600.00000 |
| 0000000000005301 | LONHAM | 1 | 3/6/2017 | 713853 | 1,375.00000 |
| 0000000000005302 | LONHAM | 1 | 3/6/2017 | 713852 | 1,450.00000 |
| 0000000000005303 | LUEKIM | 1 | 3/2/2017 | 714025 | 1,600.00000 |

| | | | | | |
|---|---|---|---|---|---|
| 00000000000005305 | LUXHUB | 1 | 3/6/2017 | 714626 | 2,300.00000 |
| 00000000000005308 | MIDDES01 | 1 | 3/6/2017 | 715160 | 600.00000 |
| 00000000000005309 | MIDFAR | 1 | 3/7/2017 | 715065 | 825.00000 |
| 00000000000005310 | MIDFAR | 1 | 3/7/2017 | 714896 | 850.00000 |
| 00000000000005311 | MIRJAC | 1 | 3/7/2017 | 714090 | 1,500.00000 |
| 00000000000005315 | RICETH | 1 | 3/6/2017 | 714374 | 950.00000 |
| 00000000000005316 | SEAWIN | 1 | 3/3/2017 | 714605 | 4,650.00000 |
| 00000000000005319 | STRREY | 1 | 3/8/2017 | 714993 | 700.00000 |
| 00000000000005320 | SUPVUL | 1 | 3/7/2017 | 714823 | 1,425.00000 |
| 00000000000005321 | TAIOST | 1 | 3/3/2017 | 714209 | 1,700.00000 |
| 00000000000005452 | ARGDES | 1 | 3/9/2017 | 714663 | 4,000.00000 |
| 00000000000005461 | DOCNEW | 1 | 3/12/2017 | 715363 | 1,100.00000 |
| 00000000000005462 | DODWYO | 1 | 3/17/2017 | 715959 | 575.00000 |
| 00000000000005464 | HEWIDA | 1 | 3/22/2017 | 715330 | 700.00000 |
| 00000000000005465 | HOFLAM | 1 | 3/14/2017 | 715233 | 1,350.00000 |
| 00000000000005466 | HURLIM | 1 | 3/16/2017 | 713615 | 800.00000 |
| 00000000000005470 | JAYHUR | 1 | 3/9/2017 | 715097 | 975.00000 |
| 00000000000005472 | JAYHUR | 1 | 3/13/2017 | 714282 | 4,550.00000 |
| 00000000000005473 | JONDYE | 1 | 3/10/2017 | 715325 | 1,025.00000 |
| 00000000000005482 | TANMUS | 1 | 3/16/2017 | 714942 | 700.00000 |
| 00000000000005483 | TRAREY01 | 1 | 3/12/2017 | 715134 | 700.00000 |
| 00000000000005484 | TRASHE01 | 1 | 3/18/2017 | 715353 | 1,050.00000 |
| 00000000000005488 | WWTWES | 1 | 3/10/2017 | 714447 | 1,100.00000 |
| 00000000000005632 | SEAWIN | 1 | 3/16/2017 | 715212 | 6,350.00000 |
| 00000000000005637 | SUPVUL | 1 | 3/28/2017 | 716038 | 1,850.00000 |
| **TOTAL** | | | | | **249,965.00000** |