UNITED STATES BANKRUPTCY COURT
CENTRAL DISTRICT OF ILLINOIS

IN RE:                                         )
                                               ) Case No. 17-80801
OMNI SPECIALIZED, LLC,                         )
                                               ) Chapter 7
        Debtor.                                )
                                               ) Hon. Judge Thomas L. Perkins
                                               )

**AFFIDAVIT OF GREG A. KERN IN SUPPORT OF MOTION
FOR RELIEF FROM AUTOMATIC STAY TO EFFECT SETOFF**

STATE OF ILLINOIS           )
                            ) ss:
COUNTY OF ROCK ISLAND       )

I, Greg A. Kern, being duly sworn, upon oath, state as follows:

1. I have personal knowledge of the facts stated herein and am competent to testify to the same, and would if called upon to do so.

2. I am employed by Deere & Company ("Deere") as Logistics Manager for North America Open Deck Operations.

3. In this capacity I manage and coordinate the transportation of Deere freight with various carriers and brokers.

4. On or about June 1, 2016, Omni Specialized, LLC ("Omni") and Deere entered into a Carrier Freight Agreement (the "Carrier Agreement"), whereby Omni agreed to act as a carrier to transport freight for Deere.

5. Omni transported freight for Deere under the Carrier Agreement and submitted various invoices to Deere for payment of the fright charges.

6. Attached as Exhibit A to the Motion for Relief from Automatic Stay to Effect Setoff is a true and correct list identifying these invoices and amounts due thereunder.

7. Although many of the invoices were submitted to Deere after Omni filed for bankruptcy, all shipments were completed prior to Omni's bankruptcy filing.

8. The total amount due and owing to Omni under the Carrier Agreement is $198,345.38.

9. Under Section 10.1 of the Carrier Agreement, Omni agreed to assume liability "[f]or loss, damage, injury or delay of any shipment hereunder while in the custody, possession or control of" Omni. Deere has received claims from five (5) of its dealers for damage to products shipped by Omni. The total amount of these claims is $22,737.80. Deere is in the process of paying these claims after Omni refused to pay them.

10. Deere also paid $11,999.59 in fuel and other costs mid-shipment to Omni drivers when Omni failed to pay to ensure that the Deere freight was delivered to its dealers under the Carrier Agreement. Omni agreed to indemnify Deere for these costs under the Carrier Agreement.

11. On or about September 14, 2016, Omni and Deere entered into a Ground Transportation Brokerage Agreement (the "Brokerage Agreement"), whereby Omni agreed to broker transportation of Deere freight with third party carriers.

12. Prior to Omni's bankruptcy filing, Deere became aware that Omni was not paying many of the carriers that delivered the Deere freight, even though Deere had paid Omni for the shipments. As of Omni's bankruptcy filing, Omni failed to pay approximately 129 invoices from 65 carriers for transporting Deere freight.

13. Attached as Exhibit B to the Motion for Relief from Automatic Stay to Effect Setoff is a true and correct list of the unpaid carriers and invoices. The total amount of unpaid claims is $249,965. The list of unpaid carriers and the amount due was provided to Deere by Omni.

14. Omni agreed to indemnify Deere for any claims by third party carriers against Deere under the Brokerage Agreement.

15. Several unpaid carriers have hired counsel and have submitted direct claims against Deere for the unpaid freight charges. Deere is attempting to settle these claims.

16. When Deere received notice that Omni was no longer paying its carriers under the Brokerage Agreement and had filed for bankruptcy, Deere withheld payment of outstanding amounts invoiced to Deere by Omni.

17. Each of the unpaid shipments utilized a "Straight Bill of Lading" which was intended to conform to industry standard and was marked "prepaid." Deere remains primarily liable to the carriers for the unpaid freight charges.

18. If Deere is not allowed a right to setoff, then Deere stands to pay twice for the same shipments.

19. Even with the setoff, Deere stands to lose approximately $84,772.01.

20. If the carriers are not paid in full, they may proceed against the consignees, all of which are Deere dealers and customers, for the balance of the unpaid freight charges.

FURTHER AFFIANT SAYETH NOT.

_____
Greg A. Korn

Subscribed and sworn before me this _11_ day of September, 2017.

_____
Notary Public

OFFICIAL SEAL
DOMINGA MERCADO
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES 5-03-2019

3